IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CLARICE'S HOME CARE SERVICE, INC., )<br>)<br>Defendant. )<br>) | 3:07-cv-00601-GPM-DGW<br><br>COMPLAINT<br><br>CIVIL ACTION NO.<br><br><br>JURY TRIAL REQUESTED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and under Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and in retaliation to protected activity and to provide appropriate relief to Karen Collier and Clara Creason, who were adversely affected by such practices. The Equal Employment Opportunity Commission ("the Commission") alleges that Defendant, Clarice's Home Service, Inc., has engaged in unlawful employment practices at its Steeleville, Illinois facility in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, by failing to hire Collier for the position of "Home Care Provider" because of her race, Black, and by discharging Creason because she opposed Defendant's refusal to hire Collier because of her race, as alleged with greater particularity in paragraph 7 in the "Statement of Claims" below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Illinois.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been an Illinois corporation doing business in the State of Illinois and the City of Steeleville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Karen Collier filed charges with the Commission alleging that Defendant had violated Title VII by failing to hire her at its Steeleville facility because of her race, Black. More than thirty days prior to the institution of this lawsuit, Clara Creason filed charges with the Commission alleging that Defendant had

violated Title VII by discharging her from her job at Defendant's Steeleville facility because she had engaged in protected activity under Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since March and April 2006, Defendant has engaged in unlawful employment practices at its Steeleville, Illinois facility in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2, and in violation of Section 704 of Title VII, 42 U.S.C. §2000e-3, as described below.

   a. By failing to hire Karen Collier for the position of "Home Care Provider" because of her race, Black;

   b. By discharging Clara Creason from her position of "public relations/case coordinator" because she protested Defendant's discriminatory refusal to hire Collier and informed Collier that Defendant refused to hire her because of her race.

8. The effect of the practices complained of in paragraph 7(a) above has been to deprive Karen Collier of equal employment opportunities and otherwise adversely affected her status as an applicant for employment because of her race, black.

9. The effect of the practices complained of in paragraph 7(b) above has been to deprive Clara Creason of equal employment opportunities and otherwise adversely affected her status as an employee because she engaged in protected activity under Title VII.

10. The unlawful employment practices complained of in paragraph 7(a) and 7(b) above were and are intentional.

11.   The unlawful employment practice complained of in paragraph 7(a) and 7(b) above were and are done with malice or with reckless indifference to the federally protected rights of Karen Collier and Clara Creason, respectively.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to hire African-American applicants for employment at its Steeleville facility because of their race, as alleged with greater particularity in paragraph 7(a) and any other employment practice that discriminates on the basis of race.

B.   Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for African-Americans and which eradicate the effects of its past and present unlawful employment practices.

C.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against employees at the Steeleville facility because they engaged in protected activity under Title VII, as alleged with greater particularity in paragraph 7(b) and any other employment practice that discriminates on the basis of participation in protected activity under Title VII.

D.   Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for employees who engage in protected activities under Title VII and which eradicate the effects of its past and present unlawful employment practices.

E.   Order Defendant to make whole Karen Collier and Clara Creason by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F.   Order Defendant to make whole Karen Collier and Clara Creason by providing them compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7(a) and (b) respectively, including emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, mental anguish and humiliation, in amounts to be determined at trial.

G.   Order Defendant to pay Karen Collier and Clara Creason, punitive damages for its malicious and reckless conduct described in paragraph 7(a) and (b) respectively, in amounts to be determined at trial.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Jean P. Kamp by CFM*
JEAN P. KAMP
Acting Regional Attorney

C. FELIX MILLER
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce, Room 8.100
St. Louis, MO 63103
314-539-7949
fax: 314-539-7895