IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 03:07-cv-601 GPM |
| v. | ) ) | |
| CLARICE'S HOME CARE SERVICE, INC., | ) ) | |
| Defendant. | ) | |

**ORDER**

Currently pending before the Court is Defendant's motion for a protective order (Doc. 23). Defendant requests that the Court enter an order protecting the disclosure of tax returns and other financial information. The Defendant has provided the Court with a proposed protective order.

Rule 26 of the Federal Rules of Civil Procedure permits litigants to seek an order to protect relevant and discoverable material. However, this Court has a duty to ensure that all proposed protective orders strike a proper balance between the public's interest in accessing non-confidential information and the parties' interest in maintaining confidentiality with regard to materials unsuited for public disclosure. Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999) ("The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)."). The Court must make a finding that "good cause" exists for sealing some part of the record; the Court may not "rubber stamp" the parties' agreed-upon stipulation of confidential materials without making the necessary finding of good cause. Id. The Court also cannot give the parties "virtual carte blanche" to seal whatever portions of the record the

parties so designate. Id. at 944. The Seventh Circuit has provided some guidance regarding what an acceptable protective order contains.

> There is no objection to an order that allows the parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge (1) satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets and (2) makes explicit that either party and any interested member of the public can challenge the secreting of particular documents.

Id. at 946.

The motion for protective order indicates that the Defendant seeks to protect tax returns and other financial information. The proposed protective order, however, does not limit confidential materials to those financial records. Instead, it defines the term "Confidential Information" as information that is "competitively sensitive or otherwise non-public." Further, the proposed order allows parties and "third parties producing information" to designate any document, electronic file, or other information as confidential. Nowhere does the proposed order demarcate categories of confidential information so that the Court can be confident the parties clearly know what falls under the Court's order so they are competent to make that determination themselves. Without such a demarcation, the proposed order grants the parties "virtual carte blanche" to designate as confidential whatever information they choose, and thereby runs afoul of the Seventh Circuit's requirements as specified in Citizens.

Additionally, paragraph eleven of the proposed protective order contemplates the Court's oversight in the return of documents to the producing party after the termination of the action. The Court is unwilling to enter a protective order that requires the Court to retain jurisdiction of any kind after the resolution of the case. The parties are encouraged to make a contractual

agreement among themselves for the return of sensitive documents, albeit without Court oversight.

For the foregoing reasons, the motion for protective order is **DENIED WITHOUT PREJUDICE**. The parties are, of course, free to come to agreements regarding discovery matters without court intervention, but to the extent the parties seek Court approval of a protective order, they must follow the Seventh Circuit's guidance.

**IT IS SO ORDERED.**

**DATED: February 7, 2008**

<u>s/ *Donald G. Wilkerson*</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**