FILED
JUN 1 0 2008
G. PATRICK MURPHY
DISTRICT JUDGE
SOUTHERN DISTRICT OF ILLINOIS
EAST ST LOUIS, ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> and <br><br> KAREN COLLIER, <br> Plaintiff-Intervenor, <br><br> v. <br><br> CLARICE'S HOME CARE SERVICE, INC., <br><br> Defendant. | CIVIL ACTION NO. <br> 3:07-CV-00601-GPM-DGW |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (hereinafter "EEOC") has instituted this action alleging that: (1) Clarice's Home Care Service, Inc., (hereinafter "Clarice's Home Care Service") discriminated against Karen Collier because of her race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, (hereinafter "Title VII"); and (2) discriminated against Clara Creason for participating in protected activity under Title VII. Plaintiff-Intervenor Karen Collier has intervened in this action and has similarly alleged that Clarice's Home Care Service discriminated against her because of her race in violation of Title VII. Clarice's Home Care Service denies the allegations asserted against it by the Commission and by Ms. Collier.

For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation;

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to

and the subject matter of this action, (ii) the requirements of the Title VII will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit among the parties, and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

## I. General Provisions

A. This Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by Clarice's Home Care Service of any violation of Title VII or any executive order, law, rule or regulation dealing with or in connection with race discrimination in employment.

B. Clarice's Home Care Service shall not discriminate against its employees with respect to hiring, promotion, discharge, compensation, or other terms, conditions or privileges of employment on the basis of race.

C. Clarice's Home Care Service shall not discriminate or retaliate against any person because he or she: (a) has opposed any practices alleged in this lawsuit as unlawful under Title VII; (b) has participated in any investigation by the Commission connected with or leading up to this lawsuit; (c) has participated in this lawsuit; or (d) has benefitted or will benefit in any way as a result of this Consent Decree.

## II. Relief for Aggrieved Parties

A.   Clarice's Home Care Service shall pay Clara Creason the amount of $20,000, to compensate her for pecuniary losses resulting from her alleged termination, including the loss of her home at 110 Clifford Drive, Chester, Illinois, and the sale of various items of personal property, and for non-pecuniary losses, including emotional distress. Payment will be made by Clarice's Home Care Service delivering a check payable to Clara Creason in the amount of $10,000 within 30 days of the entry of this decree and by delivering a second check payable to Clara Creason in the amount of $10,000 within 90 days after the delivery of the first check as described above.

Clarice's Home Care Service shall deliver the checks and a 1099 form reflecting such payments by mailing them by certified mail to:

> Clara Creason
> 4602 Chester Road
> Bremen, Illinois 62233

A copy of the checks and the 1099 shall be mailed to the Equal Employment Opportunity Commission, 1222 Spruce Street, Room 8.100, St. Louis, Missouri 63103, to the attention of C. Felix Miller.

The payments required by this section (II-A) shall be contingent upon Clara Creason executing a release attached hereto as Exhibit A. In the event that such release is not executed prior to the initial payment date, then such payment shall not be due until seven (7) days after delivery of the executed release to counsel of record for Clarice's Home Care Service and the second payment will be due 90 days thereafter.

The payment required by this section (II-A) shall extinguish all of EEOC's and/or Clara Creason's claims for monetary relief for her alleged in this action, irrespective of Clarice's Home Service's satisfaction of any other requirement of this decree.

B.  Clarice's Home Service shall pay Plaintiff-Intervenor Karen Collier Mancillas the amount of $ 30,000. This sum represents $20,000 compensation for compensatory damages for emotional distress and $10,000 for attorney's fees. The payments to be made to Plaintiff-Intervenor shall be made by checks jointly payable to her and to her attorney, Lee Barron. Payment will be made by Clarice's Home Care Service delivering a check payable jointly to Karen Collier Mancillas and Lee Barron in the amount of $15,000 within 30 days of the entry of this decree and by delivering a second check payable jointly to Karen Collier Mancillas and Lee Barron in the amount of $15,000 within 90 days after the delivery of the first check as described above. Clarice's Home Care Service shall also provide Karen Collier Mancillas a 1099 through her attorney, Lee Barron, in respect to these payments.

A copy of the checks and the 1099 shall also be mailed to the Equal Employment Opportunity Commission, 1222 Spruce Street, Room 8.100, St. Louis, Missouri 63103, to the attention of C. Felix Miller.

The payments required by this section (II-B) shall be contingent upon Karen Collier Mancillas executing a release which has been previously agreed to by her and her counsel and by Defendant and its counsel. In the event that such release is not executed prior to the initial payment date, then such payment shall not be due until seven (7) days after delivery of the executed release to counsel of record for Clarice's Home Care Service and the second payment will be due 90 days thereafter.

The payment required by this section (II-B) shall extinguish all of EEOC's and/or Karen Collier Mancillas' claims for monetary relief for her alleged in this action, irrespective of Clarice's Home Service's satisfaction of any other requirement of this decree.

### III. Injunctive Relief

A.  Clarice's Home Care Service shall not consider the race of any applicant for employment in making any hiring decision, nor shall Clarice's Home Care Service record the race of any applicant on his or her application or in any other matter prior to the actual employment of such applicant.

B.  Clarice's Home Care Service shall not consider the race of any of its clients in assigning its employees to provide services to that client, nor shall Clarice's Home Care Service inquire about or record the race of any client.

C.  Clarice's Home Care Service shall not consider the race of any employee in making any work assignment or assignment to provide services to clients, nor shall Clarice's Home Care Service record the race of any employee except to the extent necessary to comply with Section VI of this decree or to comply with state or federal regulations and statutes.

D.  Clarice's Home Care Service shall not take any action that negatively affects any person or their terms and conditions of employment, because such person has engaged in protected activity under Section 704(a) of Title VII.

### IV. Training

A.  Clarice's Home Care Service shall, within three (3) months from the date of entry of this Decree, provide Title VII training at its offices in Steeleville, Illinois, to all its officers and employees with hiring authority or who make work assignments to home care providers. The training shall specifically include: (1) information concerning an employer's obligation to prevent race discrimination in hiring and job assignment decisions, and (2) an employer's obligation to prevent retaliatory conduct against those who complain of perceived unlawful discrimination under Title VII. Unless Clarice's Home Care Service requests the EEOC to provide such training, Clarice's Home care Service shall within two (2) months of the entry of

this Decree provide the EEOC's Regional Attorney in its St. Louis District Office with a list identifying all individuals who shall receive training under this provision, a description of the training program and a copy of all materials to be used in the training program. The EEOC may make suggested changes to the training program or training materials within thirty (30) days of its receipt and these suggestions shall be adopted by Clarice's Home Care Service.

### V. Posting and Policies

A.    Clarice's Home Care Service shall post and cause to remain posted copies of the "Policy on Discrimination" attached hereto as Exhibit B in locations publicly visible to all employees at its facilities, for a period of two (2) years, starting from the date of entry of this Decree and shall post a copy of this Consent Decree for a period of three months after its entry.

B.    Clarice's Home Care Service shall inform new hires that discrimination based upon race is unlawful and shall provide information about how an employee should complain about any perceived race discrimination to an appropriate company official.

### VI. Reporting, Record-keeping, and Access

A.    During the effective period of this Decree, Clarice's Home Care Service shall maintain a log of all its applicants of employment that identifies each applicant by name, address, social security number, and race, and provides the date of application, the position sought, and the date of hire, if hired. A copy of such log shall be provided to the EEOC's Regional Attorney in its St. Louis District Office six (6) months after the entry of this decree and every six (6) months thereafter until the expiration of the term of this Decree.

B.    During the effective period of this Decree, Clarice's Home Care Service shall, within twenty (20) days of any complaint of race discrimination, provide written notification to the EEOC's Regional Attorney in its St. Louis District Office of such complaint of race discrimination, pursuant to Clarice's Home Care Service's complaint procedure set forth in

Exhibit B (Clarice's Home Care Service's Policy on Race Discrimination), made by any employee, including the name(s) of the employee(s), a description of the investigation of the complaint, the finding of the investigation and a description of action taken or resolution of the complaint.

C. Within forty-five (45) days of the entry of this Decree, Clarice's Home Care Service shall prepare and submit to the EEOC's Regional Attorney in its St. Louis District Office a letter affirming that all the actions required by Section V-A, above, have been completed.

D. Within forty-five (45) days of the completion of the training required under Section IV, unless the EEOC provides such training, Clarice's Home Care Service shall prepare and submit to the EEOC's Regional Attorney in its St. Louis District Office a letter affirming completion of said training and Clarice's Home Care Service and shall provide copies of sign-off sheets of the individuals who attended the training.

E. Clarice's Home Care Service shall maintain all documents utilized in preparing the reports described in paragraph 1 above, for a period of one year after the date of expiration of this Decree.

F. To verify compliance with this Decree, Plaintiff Equal Employment Opportunity Commission shall have the right to inspect any relevant records of Clarice's Home Care Service (either on the premises of Clarice's Home Care Service or by production of such records at EEOC's St. Louis office), interview its employees, and/or inspect its premises, by making a written request for such inspection or interviews, ten calendar days in advance of such inspection or interviews.

## VIII. Term and Effect of Decree

A. By entering into this Decree the parties intend to resolve only those charges of discrimination against Defendant brought by Clara Creason, EEOC Charge No. 560-2006-01464, and by Karen Collier, EEOC Charge No. 560-2006-01463. No other pending charges or charges that may be brought in the future are affected by this decree.

B. This Decree shall be binding upon the parties hereto, their successors and assigns. Clarice's Home Care Service shall affirmatively notify any purchasers of the obligations of this Consent Decree prior to any sale which may take place.

C. This Decree shall be for a period of two (2) years and may be extended by the Court only upon a showing of: (1) a material breach of the decree; and (2) good cause for the extension. During the Decree's term the Court shall retain jurisdiction of this cause for purposes of compliance.

D. Except as provided by Section II-B, each party shall bear its own attorneys' fees and costs of this action.

DATE: 06/10/08

_____
UNITED STATES DISTRICT JUDGE

BY CONSENT:

/s/ Jeffrey A. Kopis (with consent)
JEFFREY A. KOPIS
Attorney for Clarice's Home Care Service, Inc.

Kopis Law Office
215 West Washington
P.O. Box 505
Belleville, Illinois 62222
618-222-2800
fax 618-222-2807

/s/ Jean P. Kamp
JEAN P. KAMP
Acting Regional Attorney

/s/ C. Felix Miller
C. FELIX MILLER
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce, Room 8.100
St. Louis, MO 63103
314-539-7949
Fax 314-539-7895


/ s/ Lee W. Barron (with consent)
LEE W. BARRON
Attorney for Karen Collier

305 State Street
P.O. Box 729
Alton, Illinois 62002
618-462-9160
fax 618-462-9167

# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS OF CLARA CREASON

This Settlement Agreement and General Release of All Claims ("Agreement") is made and entered on this _____ day of _____, 2008, by and between CLARA CREASON ("Creason") and CLARICE'S HOME CARE SERVICE, INC., and its officers, directors, employees, including without limitation agents, attorneys, predecessors, successors and assigns (hereinafter collectively referred to as "Clarice's"), based on the following.

    a.    The Equal Employment Opportunity Commission ("EEOC") filed an action which seeks relief for Creason against Clarice's styled *Equal Employment Opportunity Commission and Karen Collier v. Clarice's Home Care Service, Inc*, which is presently pending in the United States District Court for the Southern District of Illinois, Case No. 3:07-cv-00601-GPM-DGW (the "Lawsuit"); and

    b.    the parties to this Agreement desire to forever resolve and compromise all of the claims asserted or which could have been asserted by Creason or by the EEOC in respect to Creason in the above-referenced action, and

    c.    solely in the interest of terminating the expense necessitated by such dispute, in compromise of a disputed claim, and not acknowledging any liability, but denying liability and only for the purpose of buying their peace, Clarice's and Creason have agreed to resolve this matter as more fully set forth below; and

    d.    Clarice's does explicitly and expressly deny any and all liability whatsoever for any and all claims, demands, damages, actions, causes of action, or suits of any kind arising out of or relating to Creason's employment, her termination, and/or her claims against Clarice's; and

    e.    the parties to this Agreement have had an opportunity to review this Agreement and to consult with legal counsel concerning this Agreement and are entering into this Agreement voluntarily with full knowledge of its significance and effect.

In consideration of the terms and payment obligation contained herein, to which Creason is not otherwise entitled, the parties agree:

    **1.**    **Payment.** Clarice's will pay or cause to be paid to Creason a total gross amount equal to Twenty Thousand Dollars ($20,000.00), in full and complete settlement of Creason's claims for emotional distress. Such payment shall be made as follows.

10

**1.1** A check in the amount of Ten Thousand Dollars ($10,000.00) made payable to Clara Creason will be submitted directly to Creason within thirty (30) days after entry of the consent decree between the EEOC and Clarice's Home Care Service, Inc.

**1.2** The remaining balance of Ten Thousand Dollars ($10,000.00) shall be paid within ninety (90) days after delivery of the first check as described above made payable to Clara Creason.

2. **Taxes**. The total amount of Twenty Thousand Dollars ($20,000.00) referenced in Paragraph 1 above will be reported to the appropriate governmental taxing entities and Clarice's will issue Creason a Form 1099 for such amount. Clarice's will make the first payment as outlined in Paragraph 1 above within seven (7) business days after Clarice's counsel's receipt of an original copy of this Agreement fully executed by Creason. Said payments as outlined in paragraph 1 above and in the consent decree shall constitute full and complete performance by Clarice's. The parties acknowledge that the payment shall be for compensatory damages, including pecuniary losses caused by the sale of personal property and a mobile home, and for emotional distress. Creason is aware that she is responsible for federal and state income taxes and that she should consult a tax advisor in respect to this income. In the event that any portion of this payment is determined by the IRS to be backpay, then Creason shall be responsible for the employee's share of any payroll taxes and Clarice's shall be responsible for any employer's share of payroll taxes.

3. **Release and Discharge**. In consideration of the mutual promises contained herein, Creason, for herself and on behalf of her heirs, executors, trustees, agents, administrators, personal representatives, legatees, attorneys, insurers, and their respective heirs, successors and assigns hereby releases, remises, acquits, and forever discharges Clarice's, which specifically includes all of Clarice's officers, including third party beneficiaries of this agreement, directors, employees, including but not limited to agents, attorneys, predecessors, successors and assigns from and against any and all claims which were raised in Creason's charge of discrimination against Clarice's, EEOC Charge No. 560-2006-01464 and/or in the Lawsuit, including all relief available under Title VII of the Civil Rights Act of 1964, as amended, to wit; backpay, compensatory damages, punitive damages, front pay, costs, and attorneys' fees, including, without limitations, any claims for attorneys' fees which may arise or accrue by reason of the settlement of the Lawsuit.

4. **Purpose.** The purpose of this release is to extinguish forever any and all claims against Clarice's that Creason may have which were asserted by either Creason in her charge of discrimination or by the EEOC in respect to Creason in the Lawsuit.

5. **Interpretation.** This Agreement is binding upon and inures to the benefit of Creason and Clarice's. This Agreement shall be governed by, construed and interpreted according to applicable federal law, and the laws of the State of Illinois, without reference to conflicts of law principles. Neither this Agreement nor any of its terms may be changed, waived or added to except in a writing signed by all parties. The parties agree that should any provision in this Agreement be determined to be unenforceable, such finding shall not affect the enforceability of the remaining provisions of this Agreement.

6. **No Representations by Clarice's.** Creason further represents and warrants that no representations of fact or law have been made by Clarice's, or its counsel; that this Agreement is not based upon any such representations; that she is not relying upon advice from Clarice's or its counsel as to the legal, income tax or other consequences arising out of this Agreement; and that she has fully investigated the factual and legal issues implicated in this case.

7. **Attorneys' Liens.** Creason hereby certifies that there are no attorneys' liens regarding the above-released claim against Clarice's.

8. **Entire Agreement.** Except for those terms that may be applicable in the Consent Decree entered into between the parties to the lawsuit, Creason further declares and represents that no promise, involvement, representation or agreement not contained in this Agreement has been made; that no other consideration has been or will be furnished in connection with this Agreement; that she will not make a claim and hereby waives any rights she may now have or may hereafter have based upon any alleged oral alteration, amendment, modification, or any other alleged change in this Agreement; that this Agreement contains the entire agreement between the parties hereto; and that the terms of this Agreement are contractual and not a mere recital.

9. **Acknowledgments.** Creason acknowledges that she: (a) has been advised of her right to consult counsel regarding the terms in this Agreement prior to signing it; (b) she has had the

ability to consult an attorney of her choosing for negotiation of this Agreement; (c) has read this entire Agreement; (d) had the ability to seek the advice of counsel or any other party regarding this Agreement and its negotiation and fully understands the terms and effects of this Agreement; (e) has been given a reasonable length of time within which to consider this Agreement; (f) was offered more time in which to consider this Agreement but determined any additional time was unnecessary; and (g) is voluntarily executing this Agreement of her own free act and deed; and (h) has freely executed this Settlement Agreement and General Release of All Claims for the purposes of receiving good and valuable consideration.

IN WITNESS THEREOF, the parties have executed this Settlement Agreement and General Release of All Claims as of the day and year first above written.

_____
CLARA CREASON

Dated _____, 2008.

STATE OF MISSOURI        )
                         )   SS.
COUNTY OF ST. LOUIS      )

On this ____ day of _____, 2008, before me personally appeared Clara Creason, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in the City/County and State aforesaid, the day and year above written.

_____
NOTARY PUBLIC

My Commission Expires:

CLARICE'S HOME CARE SERVICE, INC.

By:_____

_____
[Title]

Dated:_____, 2008.

EXHIBIT B

(Clarice's Home Care Service, Inc. letterhead)

**POLICY ON DISCRIMINATION**

    Federal law prohibits discrimination against any employee or applicant for employment because of the individual's race with respect to hiring, promotion, discharge, compensation, job assignments, or other terms, conditions or privileges of employment. Federal law also prohibits retaliation against employees because they have opposed practices they believe discriminate on the basis of a race or because they have filed a charge with the EEOC or participated in or cooperated with an EEOC investigation. In particular, Federal law prohibits making a decision to hire or not to hire an applicant on the basis of an applicant's race. Clarice's Home Care Service, Inc., fully supports and will comply with such Federal law in all respects and will not take any action against employees because they have exercised their rights under the law.

    It is the policy of Clarice's Home Care Service, Inc., to prohibit discrimination based upon a race with respect to hiring, promotion, termination, compensation, or other terms, conditions or privileges of employment. Clarice's Home Care Service, Inc., will not tolerate discrimination against employees or applicants for employment based upon their race. Clarice's Home Care Service, Inc.'s employees or managers found to have treated any employee or applicant for employment differently because of their race will be subject to discipline up to and including discharge. Supervisory employees are specifically directed not to make hiring or other employment decisions which are based on an applicant's or employee's race or upon the racial preference or identity of customers which employees may serve or with whom they may have contact.

    Clarice's Home Care Service, Inc., encourages all employees who may have knowledge of any violation of this policy to report such violation to Clarice Jones. Such reports will be promptly and confidentially investigated.

    Employees should feel free to report instances of discrimination to any management official at any time, including Clarice Jones.